79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Annette F. ROBINSON; and James E. Robinson, Plaintiffs-Appellants,
v.
NORTHWEST AIRLINES, INC., Defendant-Appellee.
 No. 94-2392.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1996.
 
 Before: KEITH, MARTIN, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Annette and James Robinson appeal the district court's award of summary judgment in favor of the defendant Northwest Airlines in this negligence action based on diversity of citizenship. The district court awarded summary judgment after an oral hearing on Thursday, October 20, 1994, finding that Ms. Robinson had not established the existence of a genuine issue of material fact as to the breach of any duty Northwest may have owed to her. Robinson timely appealed to this Court.
 
 
 2
 Robinson was a passenger on a Northwest flight from Detroit to San Francisco on December 27, 1991. After landing, and while taxiing to the gate, an overhead compartment opened, allegedly dumping luggage on Robinson's head and neck. While she was recovering from that incident, Robinson alleged that a deplaning passenger caused her additional injuries by striking Robinson on the head with a piece of luggage while attempting to move past her down the aisle and toward the exit door.
 
 
 3
 Robinson subsequently brought suit in Michigan state court against Northwest, alleging that Northwest negligently caused her injuries by failing to maintain the aircraft, by failing to ensure that all overhead bins were closed and locked properly, and by failing to properly assist deplaning passengers. Northwest removed the case to federal district court on diversity of citizenship grounds. Robinson is a resident of Michigan, Northwest is a resident of Minnesota, and Robinson seeks in excess of $50,000.00 damages as a result of her injuries.
 
 
 4
 After both parties engaged in extensive discovery, Northwest moved for summary judgment. Each party briefed the issue before the district court, and the court heard oral argument on Northwest's motion. The district court ultimately granted Northwest's summary judgment motion, ruling that Robinson had not established a genuine factual dispute as to how Northwest failed to exercise due care with respect to the unexplained opening of the overhead bin and the passenger who struck Robinson on the head with a piece of luggage.
 
 
 5
 We review the district court's award of summary judgment de novo. Street v. J.C. Bradford, Co., 886 F.2d 1472, 1479 (6th Cir.1989). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When determining whether summary judgment is appropriate, we view the facts in a light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). However, the mere existence of a colorable factual dispute does not preclude an award of summary judgment. Once the moving party satisfies its initial burden, the nonmoving party must come forward with some evidence indicating that there is a genuine dispute on an issue of material fact. Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1388-89 (6th Cir.1993). Summary judgment is most appropriate "against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 6
 As an initial matter, we expressed some concern at oral argument as to the applicable law governing this dispute. The parties had proceeded on the assumption that Michigan law applies to this dispute. Although unable to obtain a satisfactory answer at oral argument, our subsequent research indicates that Michigan has adopted the lex fori doctrine of conflict of laws in cases in which a resident plaintiff sues another Michigan resident or a corporation doing business within Michigan for torts occurring outside the state. See Sexton v. Ryder Truck Rental, Inc., 320 N.W.2d 843, 854 (Mich.1982). Accordingly, we believe that Michigan law does in fact apply to Robinson's tort claim.[1]
 
 
 7
 In Michigan as well as in most states, a common carrier owes a high duty of care to its passengers. Takacs v. Detroit United Ry., 207 N.W. 907, 910 (Mich.1926). However, a common carrier is not an insurer of a passenger's safety. Id.; Poe v. City of Detroit, 446 N.W.2d 523, 526 (Mich.Ct.App.1989). Accordingly, a party must establish that any injuries arising out of its relationship with the common carrier arose out of the carrier's negligence. Takacs, 207 N.W. at 910. To establish a claim for negligence, a plaintiff must show: 1) a duty owed by the defendant to the plaintiff; 2) a breach of that duty; 3) that the breach was the cause in fact and legal cause of the plaintiff's injuries; and 4) damages. Moning v. Alfono, 254 N.W.2d 759, 764 (Mich.1977).
 
 
 8
 Turning the issue of the overhead bin, Robinson failed to raise a genuine issue of material fact regarding Northwest's breach of a duty owed to her and whether any alleged breach caused her injuries. Robinson stated in her deposition that she did not know how the bin popped open. After extensive discovery, Robinson could not show that the latch was not closed, that the bin was overloaded, or that Northwest failed to properly maintain the overhead storage bin and its latching mechanism. Viewed in a light most favorable to Robinson, the facts at most show that the overhead bin opened. From this, Robinson argues that it must have been overloaded, unlatched, or that the latch must have been in improper working order. In essence, Robinson seeks to have a form of res ipsa loquitur applied to her claim. Although Michigan has adopted res ipsa, Jones v. Porretta, 405 N.W.2d 863, 872 (Mich.1987), this is not an appropriate case for the invocation of res ipsa loquitur. One of the most important aspects of that test requires that the instrumentality be in the exclusive control of the defendant. Hasselbach v. TG Canton, Inc., 531 N.W.2d 715, 717 (Mich.Ct.App.1995). Here, it is just as plausible that a passenger opened up the bin while the airplane was still taxiing to the gate in an attempt to gain advance purchase of his or her luggage, and that the luggage fell out of the bin at that time. Robinson does not dispute that Northwest properly requested that passengers stay in their seats until the pilot had turned off the seatbelt sign and the plane had come to a full stop at the gate.
 
 
 9
 At oral argument, counsel for Robinson pointed out that Northwest's flight attendants visually inspect the overhead storage bins prior to landing, but argued that they have a duty to physically touch the bins to ensure that they are shut properly. However, even if we were to agree that Northwest owes this duty to its passengers, Robinson has not established that the breach of the duty in this case caused the injury suffered by Robinson. Failure to establish this causal link is fatal to Robinson's claim. Accordingly, summary judgment was appropriate on this issue.
 
 
 10
 As to the injury suffered by Robinson at the hands of a fellow deplaning passenger, Robinson again has failed to establish the existence of a genuine factual dispute. In Michigan, a common carrier is not responsible for the torts committed by a fellow passenger, but rather is liable only for the negligent failure to prevent the commission of a tort by another passenger. Takacs, 207 N.W. at 910. Here, it is undisputed that Northwest's flight attendants instructed the passengers to remain in their seats until the aircraft had stopped and to use caution in opening the overhead bins. Further, Robinson has introduced no evidence as to how Northwest negligently failed to keep the other passenger from striking her with a piece of luggage as the passenger walked by.[2] Short of physical constraint of each passenger until each is individually escorted off the plane, we fail to see what Northwest could have done to prevent this accident. At best, that is precisely what Robinson has established; the fact that an accident occurred. However, as noted above, common carriers are not absolute insurers of their passengers safety.
 
 
 11
 Accordingly, the district court's award of summary judgment in favor of Northwest is AFFIRMED.
 
 
 
 [1]
 We note also that, even if California law were to apply, both states apply substantially similar legal concepts to the issues in dispute here. See Orr. v. Pacific Southwest Airlines, 208 Cal.App.3d 1467 (Cal.Ct.App.1989)
 
 
 [2]
 In her brief to this Court, Robinson characterized this second accident as occurring when a passenger attempted to lift a suitcase over her head, apparently while the passenger was deplaning. At oral argument, counsel characterized this second injury as occurring while a passenger tried to get a piece of luggage out of the overhead bin directly above the seated Robinson. In either case, Northwest flight attendants violated no duty here. There is no evidence that the passenger was struggling with the bag, or that the Northwest flight attendants should have realized that the passenger who ultimately struck Robinson with the bag needed help